# GEORGE S. GRIMES v. JAMES GAUGHAN.[1]

May 14, 1915.

Nos. 19,228—(151).

**Renewal of lease — evidence.**

The facts found required judgment for the landlord. [Reporter.]

Action in the municipal court of Minneapolis to recover $60.48, rent for the months of April and May, 1914, and $3.84 paid to the city of Minneapolis for water. The answer alleged that on February 2, 1911, defendant notified plaintiff that he would vacate the premises on April 1, 1914, and that pursuant to said notice he surrendered the premises to plaintiff. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion to amend the findings was denied. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Booth & McDonald,* for appellant.

*Gordon Grimes,* for respondent.

PER CURIAM.

On July 29, 1913, plaintiff, the landlord, wrote defendant, his tenant, concerning the renewal of a written lease for a store building which expired August 31, 1913: "On account of high rate of insurance and cost of heating, I am compelled to hold the store at $30.00 per month after August next. Kindly advise me whether you desire the store for another year at that figure." The rent prior to August 31 was $25 per month payable in advance. No communication passed between the parties subsequent to this letter in regard to a renewal of

[1] Reported in 152 N. W. 653.

the lease. Defendant remained in possession, paying for the month of September, 1913, and, for every month thereafter, $30 as rent in advance until April 1, 1914, when he vacated, having, more than 30 days previous thereto, served notice of intention so to do. The action was to recover the rent for April and May, 1914. The court found that the lease was by mutual agreement renewed for one year from September 1, 1913, at the monthly rental of $30, and granted plaintiff judgment. Defendant assigns as errors: "(1) The trial court erred in ordering judgment for the respondent; (2) the trial court erred in overruling appellant's motion for the amended findings; (3) the trial court erred in not ordering judgment for appellant." The record contains a motion to amend the findings, but fails to show that it was heard or determined, hence the second assignment of error presents nothing for review. We find no motion for a new trial, but there is an order denying such a motion. From this order is the appeal. It is plain that the facts found require judgment for plaintiff, and that the first and third assignments of error are insufficient to present the question whether the evidence sustains the findings of fact. But this aside, it is clear that the reasons stated for affirming the finding of a renewal of the lease in Stees v. Bergmeier, 91 Minn. 513, 98 N. W. 648, also calls for an affirmance of the order here appealed from on the merits.

Order affirmed.